**In the ESTATE OF Robert Lee KEETON (Deceased).**

**Kyle KEETON, Personal Representative, Respondent,**

v.

**Donna M. CHERRY, Appellant.**

**No. WD 38663.**

Missouri Court of Appeals,
Western District.

April 28, 1987.

L. Clay Barton, of Cochran, Tyree, Oswald, Barton & McDonald, P.C., Oak Grove, for appellant.

James D. Worthington, of Aull, Sherman, Worthington & Giorza, Lexington, for respondent.

Before GAITAN, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

Appellant appeals from the judgment of the Probate Division of the Jackson County Circuit Court which held that appellant, the named beneficiary on life insurance contracts and a retirement fund account owned by her ex-husband (decedent), was not entitled to the proceeds of said contracts and account by virtue of a property settlement agreement executed by appellant and decedent pursuant to the dissolution of their marriage, five years prior to decedent's death.

The judgment is affirmed.

Review of the judgment in this court-tried case is pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and the judgment must be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares and/or applies the law.

Appellant raises two points and charges, in summary, that the trial court erred in entering judgment in favor of respondent because (1) the court erroneously declared and applied the law because the law is that a named beneficiary is entitled to the proceeds of the contract, and (2) the judgment is not supported by substantial evidence and is against the weight of the evidence because the evidence was that decedent intended that appellant be the beneficiary under the policies up until the time of decedent's death.

The pertinent facts are as follows:

Appellant was divorced from her husband (decedent) on May 21, 1979. Pursuant to the dissolution of their marriage, appellant and decedent entered into a property settlement agreement (hereinafter "agreement") which was found by the court to be reasonable and not unconscionable and was incorporated in the judgment entry of the dissolution. At the time of the dissolution, appellant received custody of

the parties' two minor children, Kyle David Keeton and Kyla Denise Keeton.

Among other things, the agreement provided as follows:

8. The parties do each represent that they are now and have been teachers under the Missouri State Teachers Association Retirement Plan, the said husband being so employed for a period of approximately 20 years and the wife being so employed for a period of approximately 16 to 17 years, each having separate retirement accounts with the Missouri State Teachers Association, and they do herewith transfer, relinquish and waive any interest in and to their separate accounts, and all of the right, title, interest and benefit thereto.

\* \* \* \* \* \*

17. It is stipulated and agreed between the parties that husband is the present owner of the following listed life insurance policies and it is agreed between the parties that the wife does transfer any right, title, interest and benefit in and to the said life insurance policies that she may have, relinquishing to husband the full ownership or benefit and control thereto, as follows:

(a) The Northern Life Insurance Company policy No. 507630, effective June 7, 1965, for a face amount of $5,000.00; and

(b) The Northern Life Insurance Company policy No. 489–021, effective September 14, 1961, for a face amount of $5,000.00, and

(c) The Central Life Assurance Company policy No. 91286, effective July 15, 1969, with a face amount of $5,000.00; and

(d) The Central Life Assurance Company, policy No. 1215254, effective February 7, 1972, with a face amount of $10,000.00; and

(e) The Central Life Assurance Company, policy No. 1405567, effective July 27, 1976, with a face amount of $5,000.00.

At the time of the dissolution, appellant was the named beneficiary on the retirement plan and on the three insurance policies in question.

During the five years following the dissolution, appellant and decedent remained in contact with one another and it appears that they had a friendly relationship. At the time of decedent's death, in May of 1984, appellant was the named beneficiary on the retirement plan and on three of the insurance policies. From the date of dissolution until the date of his death, decedent did not take any affirmative action toward changing the name of the beneficiary on these policies. After the dissolution and prior to his death, decedent purchased a life insurance policy, designating his daughter, Kyla, as beneficiary, and decedent opened an I.R.A. account, designating his son, Kyle, as beneficiary.

After decedent's death, appellant applied for and received the benefit of the three life insurance policies and the retirement plan. Thereafter, the estate, by and through its personal representative, Kyle Keeton, filed a petition to discover assets of the estate, claiming that the estate was entitled to the proceeds of the insurance policies and the retirement plan. The cause was set for hearing in the probate division.

At the hearing, Warren Lathrop, a friend of decedent's for some thirty-four years, testified that he had told decedent, after decedent's divorce from appellant, of another colleague who divorced his spouse but did not change his retirement beneficiary in case of death. When the colleague died, the former spouse, as named beneficiary, collected the proceeds as opposed to the colleague's widow. Lathrop testified that decedent replied that his (decedent's) teachers' retirement was the way he wanted it and that he (decedent) was not going to change it.

Kyle Keeton testified that he is decedent's son, and that he and decedent had discussed decedent's teachers' retirement plan on two occasions, and that decedent had told him that due to the divorce and the change in appellant's name (she resumed her maiden name after the divorce), that Kyle and Kyla would receive the retirement benefits.

Vicki Ellis testified that she was engaged to decedent at the time of his death, and that she had talked to decedent several times about decedent's retirement plan and insurance policies, and that the decedent was of the belief that the money accrued in these accounts would be left to decedent's children.

Appellant's first point is taken up and, after full consideration, is found to be without merit and is ruled against appellant for the following reasons:

■ The rule in Missouri is as follows: [W]here the forms of a separation agreement carried into a divorce decree plainly disclose an intent to remove the named beneficiary in a life insurance policy [or retirement plan] from all rights to the proceeds thereof, such agreement may operate to prevent the named beneficiary from claiming the proceeds upon the death of the insured …

*Bell v. Garcia,* 639 S.W.2d 185, 191 (Mo. App.1982), citing *Cannon v. Hamilton,* 174 Ohio St. 268, 189 N.E.2d 152, 154 (1963).

In the case at bar, the language of the agreement evidences a clear intent of the parties to release or revoke all of appellant's rights to the named insurance policies and retirement plan benefits. *See Bell v. Garcia, supra,* at 191.

The cases cited by appellant in support of her argument do not aid her. None of those cases, save one, deal with a separation or property settlement agreement affecting a change of beneficiary. In the case that does deal with a separation or property settlement agreement, the named beneficiary on a life insurance policy was entitled to the proceeds of said policy notwithstanding a stipulation in a property settlement agreement executed prior to divorce because the court found the stipulation ambiguous and its meaning unascertainable. *John Hancock Mutual Life Insurance Co. v. Dawson,* 278 S.W.2d 57, 59 (Mo.App.1955). Such is not the case herein where the agreement clearly states that appellant relinquishes all rights, title and interest in specifically designated policies and accounts. The agreement is clear that the parties intended that appellant was to be released as the named beneficiary on the policies and retirement plan.

The trial court did not err in finding that, under the agreement, appellant relinquished all her interests in the accounts, including the right to be named beneficiary.

Appellant's point (2) is taken up and, after full consideration, is found to be without merit and is ruled against appellant for the following reasons:

As this court determined in appellant's point (1), appellant relinquished all rights, title and interest to the policies and retirement plan upon the execution of the agreement, and appellant was bound by the judgment of the trial court which entered the dissolution decree incorporating within said decree the terms of the agreement.

Appellant argues that the probate court's judgment was not supported by substantial evidence and was against the weight of the evidence because the overwhelming evidence was that decedent intended to redesignate or reaffirm appellant as the named beneficiary on the policies and retirement plan. In its entry of judgment, the probate court stated the following:

The court finds and concludes that the respondent [appellant herein], by the clear and unequivocal words of the property settlement agreement, intended to give up all of her interests in the retirement account and the insurance policy proceeds, including the right to be named beneficiary thereunder. The only evidence before the court is the agreement itself. The court may not speculate as to what the decedent intended, if any at all may be shown, by his failure to change the beneficiaries on the account and the policies.

By stating that "[t]he only evidence before the court is the agreement itself," this court must presume that the probate court found that the testimony of Warren Lathrop, Kyle Keeton, and Vicki Ellis was not probative on the issue of decedent's intent and that the agreement was the only credible evidence introduced at the hearing.

The evidence introduced by appellant was the testimony of Warren Lathrop, who testified that decedent had told him that his (decedent's) retirement plan was the way he (decedent) wanted it, and that he (decedent) wasn't going to change it. Appellant urges this court to draw the conclusion that decedent was aware that appellant was the named beneficiary and that decedent wanted appellant to be beneficiary and that is why decedent did not change the beneficiary on the retirement plan and policies. However, it is equally plausible that by his statement, decedent was acknowledging his understanding that by virtue of the divorce decree, appellant was no longer the beneficiary under the policies and retirement plan and that his failure to designate a new beneficiary would result in the policies' and plan's benefits going to his estate and that Kyle and Kyla would thereby receive the benefits because they were his sole heirs. Therefore, no conclusion can be drawn from Lathrop's testimony.

The evidence introduced by respondent was the testimony of Kyle Keeton and Vicki Ellis. Keeton's testimony reveals decedent's understanding of the effect of the marital property settlement and was not evidence upon the issue of decedent's intent. Ellis' testimony, that decedent told her Kyle and Kyla would receive the money from the policies and retirement plan, also reflects decedent's understanding of the marital property settlement and was not evidence upon the issue of decedent's intent.

Thus, none of the evidence introduced by either appellant or respondent by way of witness Lathrop, Keeton, or Ellis was probative upon the issue of decedent's intent regarding the beneficiary under the insurance policies or the retirement fund account. The trial court, under the facts and circumstances herein, did not err in ignoring this evidence.

■ This court holds that when a spouse, who has relinquished all rights, title and interest to an insurance policy or retirement plan in a binding dissolution decree, is designated as beneficiary at the time of the insured spouse's death, the spouse-beneficiary is entitled to the proceeds of the policy or plan only if the beneficiary can show, by some affirmative act of the decedent, that the decedent intended to *redesignate* the spouse as beneficiary. Absent some affirmative act of the decedent, the spouse is bound by his or her relinquishment of right, title, and interest in the policy or plan and the spouse is estopped to deny that the decedent intended that the proceeds go to his or her estate.

The judgment is in all respects affirmed.

SHANGLER, J., concurs.

GAITAN, P.J., concurs in separate concurring opinion.

GAITAN, Presiding Judge, concurring.

The factual background which presents us with the legal issue for disposition is not unique. While there may be other methods to eliminate this problem, one seems to be fairly obvious. Here, we have a property settlement agreement which was presumably negotiated by the parties and approved by the court. It provides, in part, that appellant no longer has a legal right of expectancy to the insurance policies as well as the retirement plan in question. That provision was adopted by the court and incorporated into its judgment entry. The attorney or attorneys preparing this settlement agreement could have simply provided for and stated therein a substitute beneficiary. In this case, the children of the decedent could have been named beneficiary.

While this action may not be enforceable against the insurers, it would provide the court with the clear and unequivocal intention of the insured (decedent). If the insured failed to make those changes to his insurance policy and/or his retirement plan, his intentions in that regard are made clear by the judgment entry. If he has a change of heart, his affirmative act of changing the named beneficiary or reaffirming the former beneficiary also leaves a clear indication of his intention.

Under the majority opinion which appears to be the state of the law in Missouri, the insured would need to take an affirma-

tive step to reaffirm the appellant as his beneficiary. It is not unrealistic for a person to believe that he or she had done that by not changing the beneficiary under the policy or retirement plan.