**Mary Jill GILLESPIE, Appellant,**

v.

**ESTATE OF Michael G. McPHERSON, Respondent.**

**No. ED 84110.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 1, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 2005.

Application for Transfer Denied April 26, 2005.

James C. Ochs, St. Louis, MO, for Appellant.

John C. Maxwell, St. Charles, MO, for Respondent.

## ROBERT G. DOWD, JR., Judge.

Mary Jill Gillespie (second wife) appeals from the trial court's grant of summary judgment in favor of the Estate of Michael G. McPherson (Estate) on second wife's action for declaratory judgment as to the rightful beneficiary of a life insurance policy. Second wife contends the trial court erred (1) in granting the Estate's motion for summary judgment because the motion for summary judgment did not comply with Rule 74.04 and therefore, should have been denied, and (2) in granting the Estate's motion for summary judgment and denying her motion for summary judgment because second wife was the named beneficiary on Michael G. McPherson's (Decedent) life insurance policy and thus, is entitled to the proceeds of the life insurance. We affirm.

The facts in this case are largely undisputed. Second wife married Decedent on August 16, 2000. Decedent was previously married to Nancy McPherson, who is now known as Nancy Riddel, (first wife) and that marriage produced four children.[1] On February 27, 1997, Decedent and first wife's marriage was dissolved. As part of the dissolution of marriage, Decedent entered into a marital settlement agreement in which custody of the four children was given to first wife, with Decedent agreeing to pay monthly child support and a percentage of the children's day care, health insurance, and higher education costs. In addition, Decedent agreed to procure and maintain a life insurance policy in the amount of $100,000.00 naming first wife as the irrevocable beneficiary until the youngest of the parties' four children was emancipated.[2] At the time of the dissolution of marriage, Decedent had not yet procured the life insurance policy.

On March 27, 2000, almost three years after his divorce from first wife, Decedent procured a policy of life insurance through Shelter Insurance Company after first wife called and discussed the life insurance provision of the marital settlement agreement with second wife. Second wife, who was Decedent's fiancée at the time, accompanied Decedent to the Shelter Insurance agent's office. Decedent named first wife as the beneficiary on the policy and listed second wife as the contingent beneficiary. There was no reference to first wife being an irrevocable beneficiary on the policy itself. Second wife, who paid all of her and Decedent's bills, wrote the checks for the insurance premiums on the life insurance policy. Second wife and Decedent furnished first wife with a copy of the insurance policy.

After Decedent and second wife's marriage and without first wife's knowledge, Decedent and second wife went to the Shelter Insurance Company agent's office and changed the beneficiaries of Dece-

---

1. Decedent's oldest child, April McPherson, is the personal representative of his estate.

2. The relevant provision of the marital settlement agreement read:

   Husband agrees to procure and maintain in full force and effect a policy of life insurance insuring Husband's life with a face value of one hundred thousand dollars ($100,000.00), naming Wife as irrevocable beneficiary thereon, until such time as the parties' youngest child has become emancipated. Husband agrees to provide Wife with written documentation each year following the divorce to verify that said life insurance coverage is still in full force and effect and that Wife is named as irrevocable beneficiary thereon.

dent's life insurance policy. First Wife was removed and second wife was named as the primary beneficiary. Second wife's daughter, Decedent's step-daughter, was named as a contingent beneficiary. First wife was never notified of the change in beneficiaries.

Shortly after her marriage to Decedent, second wife decided to divorce Decedent for financial reasons. The marriage was dissolved by a default judgment. Second wife was awarded the majority of marital assets. There was no mention of the life insurance policy in question in the dissolution judgment. Second wife and Decedent continued to cohabitate until his death in October 2002. At the time of his death, Decedent's and first wife's youngest child was nine years old. Second wife continued to pay the insurance premiums after the dissolution of the parties' marriage. Thereafter, second wife filed a claim for payment as the beneficiary of the $100,000.00 life insurance policy. Shelter Insurance Company denied payment stating its belief that the dissolution of the marriage revoked second wife's right to the policy.

Second wife filed a petition for declaratory judgment against Shelter Insurance Company and the Estate requesting a determination and declaration of the rightful beneficiary of Decedent's life insurance proceeds. Second wife did not name first wife as a party defendant and first wife did not seek to intervene or join the action. Shelter Insurance Company filed a motion for interpleader, which was granted by the trial court, and Shelter Insurance Company paid $102,235.28 into the court registry. Shelter Insurance Company was then dismissed with prejudice.

Thereafter, the Estate filed its motion for summary judgment with its memorandum in support as one document. The Estate alleged second wife was not entitled to the insurance proceeds as a result of her divorce from Decedent. The Estate also alleged that because Decedent was under a duty to procure the life insurance policy naming first wife as the irrevocable beneficiary under the terms of the dissolution judgment, Decedent was not free to change the beneficiary without first wife's consent and therefore, first wife was entitled to the insurance proceeds as a matter of law. Second wife subsequently filed her response to the Estate's motion for summary judgment asserting the Estate's motion failed to comply with Rule 74.04(c)(1), which requires the filing of a separate legal memorandum, and thus, the Estate's motion should be denied. Second wife also filed her motion for summary judgment alleging she was entitled to the insurance proceeds as the named beneficiary on the life insurance policy where there was no evidence of intent to revoke second wife's rights as the beneficiary. The Estate filed a response and also filed a separate memorandum of law in support of its motion for summary judgment. Thereafter, the trial court granted the Estate's motion for summary judgment and denied second wife's motion for summary judgment. Second wife's subsequent motion, titled a "Motion for Reconsideration," was overruled and this appeal follows.

■ In her first point, second wife asserts the trial court erred in granting the Estate's motion for summary judgment because the motion for summary judgment did not comply with Rule 74.04 and therefore, should have been denied. Second wife maintains the trial court should have denied the Estate's motion on the basis that it did not file a separate memorandum in support of its motion for summary judgment. We disagree.

The Estate filed its motion for summary judgment and memorandum in support together as one document. In its response

to the motion for summary judgment, second wife asserted that the motion failed to comply with Rule 74.04(c)(1), which states, "Movant shall file a separate legal memorandum explaining why summary judgment should be granted." The Estate thereafter filed a separate legal memorandum explaining its reasons why summary judgment should be granted in its favor.

■ Generally, failure to comply with Rule 74.04(c)(1) warrants a trial court's denial of a summary judgment motion and warrants an appellate court's reversal of the grant of summary judgment. *Sotirescu v. Sotirescu*, 52 S.W.3d 1, 7 (Mo.App. E.D.2001). However, when the issues and the documents in support of the motion are clear to the litigants, the trial court, and the appellate court, the failure to comply with Rule 74.04 does not per se preclude the granting of summary judgment nor the affirming of such a judgment. *Id.* In short, the trial court and the appellate court are vested with discretion. *Id.*

■ Here, the Estate attached its first memorandum in support of its motion to the summary judgment instead of filing it separately as required under the rule. The issues were clear to the litigants and the trial court at the time of the filing of the motion and memorandum in support of the motion for summary judgment as one document, as evidenced by second wife's response to the Estate's motion for summary judgment. This failure to file the memorandum separately does not preclude the trial court from granting the Estate's motion for summary judgment. Moreover, the Estate corrected its failure to comply with Rule 74.04(c)(1) by filing a separate memorandum in support of its motion for summary judgment after second wife filed her response to the Estate's motion for summary judgment pointing out the failure to comply with Rule 74.04(c)(1). If the motion states with particularity the grounds for summary judgment, the memorandum in support of the motion can be filed at any time. *See Noe v. Pipe Works, Inc.*, 874 S.W.2d 502, 503 (Mo.App. E.D. 1994). Point denied.

■ In her second point, second wife contends the trial court erred in granting the Estate's motion for summary judgment and denying her motion for summary judgment because second wife was the named primary beneficiary on Decedent's life insurance policy and thus, is entitled to the proceeds of the life insurance. Under these facts, we disagree.

■ Appellate review of a trial court's grant of summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The material facts in this case are not substantially in dispute and thus, this case presents only a question of law.

The Estate alleged two theories in its motion for summary judgment asserting the reasons second wife was not entitled to the insurance proceeds. First, the Estate argued that second wife's divorce from Decedent effectively terminated her right as the beneficiary under the policy. Secondly, the Estate alleged that because Decedent was under a duty to procure the life insurance policy naming first wife as the irrevocable beneficiary under the terms of the dissolution judgment, Decedent was not free to change the beneficiary without first wife's consent and therefore, first wife

was entitled to the insurance proceeds as a matter of law. We address the Estate's first ground in its motion for summary judgment. Because we find it is dispositive, we need not address the remaining ground in the motion.

The Estate asserts that second wife's divorce from Decedent effectively terminated her right as the beneficiary under the policy. We agree.

> Section 461.051.1, RSMo 2000,[3] provides: If, after an owner makes a beneficiary designation, the owner's marriage is dissolved or annulled, any provision of the beneficiary designation in favor of the owner's former spouse or a relative of the owner's former spouse is revoked on the date the marriage is dissolved or annulled, whether or not the beneficiary designation refers to marital status. The beneficiary designation shall be given effect as if the former spouse or relative of the former spouse had disclaimed the revoked provision.

Subsection 2 of 461.051 provides exceptions to the general rule promulgated in subsection 1. Section 461.051.2 provides:

> Subsection 1 of this section does not apply to a provision of a beneficiary designation that has been made irrevocable, or revocable only with the spouse's consent, or that is made after the marriage was dissolved, or that expressly states that marriage dissolution shall not affect the designation of a spouse of relative of a spouse as beneficiary.

Here, Decedent, the owner of the policy, listed second wife as the beneficiary of the life insurance policy prior to the dissolution of their marriage.[4] The beneficiary designation was not made irrevocable or revocable only with consent. Furthermore, the policy did not expressly state that the marriage dissolution would not affect the beneficiary designation. Thus, by operation of the dissolution of marriage, second wife was revoked as the beneficiary as of the date of the dissolution.

Second wife argues we must look to the intent of the parties to determine whether the divorce affected Decedent's designation of second wife as the beneficiary under the insurance policy. To support her argument, second wife relies on *Estate of Keeton,* 728 S.W.2d 694 (Mo.App. W.D. 1987). In *Keeton,* the parties entered into a property settlement agreement that provided in part, "it is stipulated and agreed between the parties that husband is the present owner of the following listed life insurance policies and it is agreed between the parties that the wife does transfer any right, title, interest and benefit in and to the said life insurance policies that she may have, relinquishing to husband the full ownership or benefit and control thereof...." *Id.* at 696. The settlement agreement also provided that the parties waive and relinquish any interest in their separate retirement accounts. *Id.* The former husband never took any affirmative action to change the name of the beneficiary on the insurance policies or his retirement account. *Id.* After the time of the death of her former husband, the wife was named as the beneficiary on his life insurance policies and retirement account and she sought and received the proceeds as the named beneficiary. *Id.* The estate of the former husband filed a petition claiming it was entitled to the proceeds of the insur-

---

**3.** All further statutory references are to RSMo 2000 unless otherwise indicated.

**4.** An "owner" is defined in Section 461.005(8) as "a person or persons having a right, exer-

cisable alone or with others, to designate the beneficiary of a nonprobate transfer, and includes joint owners."

ance policies and retirement account. *Id.* After hearing evidence concerning the decedent's intent, the court in *Keeton* held that the language of the agreement evidenced a clear intent of the parties to release or revoke all of the wife's rights to the insurance policies and retirement plans. *Id.* at 697.

We are not persuaded by second wife's reliance on *Keeton.* Here, second wife and Decedent did not enter into a property settlement agreement. In fact, the dissolution of marriage was procured by default. Moreover, the dissolution judgment makes no mention of the life insurance policy at issue. Under these circumstances, we will not speculate as to what Decedent intended. In addition, we note the *Keeton* court did not address Section 461.051. We find the Estate was entitled to judgment as a matter of law by operation of Section 461.051, which revoked second wife as the beneficiary on the life insurance policy on the date of the dissolution of her marriage to Decedent. Point denied.

The trial court did not err in entering summary judgment in favor of the Estate. The judgment of the trial court is affirmed.

PATRICIA L. COHEN, P.J., and KATHIANNE KNAUP CRANE, J., concur.