**UNITED INVESTORS LIFE, Defendant,**

**Carla Alsup, Respondent,**

v.

**Lawrence WILSON, et al, Appellants.**

**No. WD 65676.**

Missouri Court of Appeals, Western District.

May 16, 2006.

Robert H. Martin, Independence, for Appellants.

Dale Lee Beckerman, Kansas City, for Defendant.

Mary Ellen Bigge, Independence, for Respondent.

Raschel Polson, Kansas City, Respondent Acting pro se.

RONALD R. HOLLIGER, Judge.

The question is whether a change in statute after a dissolution of marriage can permit the ex-wife to receive the proceeds

of a life insurance policy on her ex-spouse based only upon her status as a designated beneficiary prior to the date of the dissolution. The parties agree that the law in effect at time of the dissolution decree would prevent the former spouse from recovering absent a new beneficiary designation or a specific contract between the former spouses.

We hold that the legislature did not and could not have changed the law in the way that ex-wife argues because it would be a retrospective application of the amended statute in violation of Section 1.270. The judgment of the trial court awarding the life insurance proceeds to the ex-wife is, therefore, reversed.

Lawrence and Dora Wilson, Roberta McMullen, Janice Lee, and Judy Richardson ("Heirs") appeal from the trial court's judgment granting Carla Alsup's ("Ex–Wife") motion for summary judgment declaring her the beneficiary of the proceeds of Lawrence H. Wilson, Jr.'s ("Decedent") life insurance policy.

## Procedural and Factual Background

Decedent and Ex–Wife were married on April 4, 1986. No children were born of the marriage. However, Ex–Wife had a daughter, Rachel Polson, who is not the child of the Decedent. During the course of their marriage, the parties obtained term life insurance polices from United Investors Life Insurance Company ("United"). A policy was issued to Decedent as the primary insured dated September 1, 1988. Ex–Wife was listed as the primary beneficiary on the policy and her daughter, Rachel Polson, was listed as the contingent beneficiary.

The marriage of Decedent and Ex–Wife was dissolved on March 1, 1999. At the time of the dissolution of their marriage, Decedent and Ex–Wife entered into a written separation agreement that was fully incorporated into the Judgment and Decree of Dissolution of Marriage. Under the terms of the agreement, Decedent and Ex–Wife agreed to waive and release any and all right, title, and interest in any real estate or personal property of the other, as well as all statutory rights which had, or may have arisen in favor of the other by reason of the marriage or the marital estate. The separation agreement did not expressly state that Ex–Wife relinquished all rights, title, and interest in Decedent's life insurance policy.[1]

At the time of his death in 2002, the insurance policy issued by United was still in effect and Decedent had not changed the beneficiary designations. Decedent's Ex–Wife and the administratrix of Decedent's estate each made a claim for the proceeds of the insurance policy. United then filed a petition for interpleader with the Circuit Court of Jackson County, Missouri. The trial court then entered an Order to Deposit Funds Into Court. Ex–Wife and the Heirs of Decedent each filed motions for summary judgment claiming that each was entitled to the proceeds of Decedent's life insurance policy. Following a hearing at the trial court, judgment was granted in favor of Ex–Wife. This appeal followed.

## Points on Appeal

Heirs raise three points of error in grant of Ex–Wife's motion for summary judgment. In their first point, Heirs claim that the trial court erred because Ex–Wife was

---

1. We can only speculate about the reasons for this omission. The parties' briefs advise that the policy in question was a "joint policy" that insured the lives of both spouses. They do not argue but affirmatively state that this type of policy makes no difference in our analysis.

not entitled to judgment as a matter of law, in that pursuant to section 461.051.1, RSMo 2000,[2] the dissolution of Decedent's and Ex–Wife's marriage effectively revoked Ex–Wife's designation as beneficiary on Decedent's life insurance policy.

In their second point, Heirs claim that the trial court erred in granting Ex–Wife's motion for summary judgment, because the trial court's decision constitutes an impermissible retrospective application of section 461.073.6, RSMo (Cum.Supp.2001), that affected acts done or rights established in Decedent and Ex–Wife's dissolution proceeding.

In their third point, Heirs claim that the trial court erred because Ex–Wife was not entitled to judgment as a matter of law in that, pursuant to section 461.048, Ex–Wife disclaimed any and all right and interest in the insurance policy at the time of entering into the separation agreement incorporated into the March 1, 1999, Judgment and Decree of Dissolution of Marriage. Because Points I and II are dispositive of this case, Point III will not be addressed.

## Standard of Review

Appellate review of a trial court's grant of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* Summary judgment will be upheld on appeal if the movant established that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 377. The material facts of this case are not in dispute and this case presents only a question of law.

## Discussion

Missouri nonprobate transfers law provides that a beneficiary designation on a nonprobate transfer made in favor of an individual's former spouse or a relative of the former spouse is revoked on the date the marriage is dissolved or annulled. Section 461.051.1. The former spouse or relative of the former spouse is treated as if they had disclaimed the revoked provision. Section 461.051.1. At the time the parties' marriage was dissolved, section 461.051 applied to life insurance policies and upon divorce a beneficiary designation on a life insurance policy made in favor of a former spouse or a relative of a former spouse was revoked upon dissolution of the marriage. In 2001, the applicability of section 461.051 to life insurance policies was repealed by HB 644 in 2001 Mo. Laws. 687–88. Section 461.073.6 was amended by the legislature to exclude the application of section 461.051 to "property, money or benefits paid or transferred at death pursuant to a life or accidental death insurance policy, annuity, contract, plan or other product sold or issued by a life insurance company." Section 461.073.6. At issue in this case is whether the amended version of section 461.073.6 can be retrospectively applied to revive a beneficiary designation revoked upon dissolution on March 1, 1999.

In support of their second point on appeal, Heirs argue that the removal of section 461.051's applicability to life insurance policies does not affect the statutory revocation of the beneficiary designation made in favor of Ex–Wife, because at the time Decedent and Ex–Wife's marriage was dissolved, section 461.051 applied to life insurance policies. Section 1.170 provides:

---

**2.** All statutory references are to RSMo (2005 Cum.Supp.), unless otherwise noted.

The repeal of any statutory provision does not affect any act done or right accrued or established in any proceeding, suit, or prosecution had or commenced in any civil case previous to the time when the repeal takes effect; but every such act, right or proceeding remains as valid and effectual as if the provisions so repealed had remained in force.

The marriage of Decedent and Ex–Wife was dissolved on March 1, 1999. At the time of dissolution they contend that section 461.051 was applicable to life insurance policies and provided for the revocation of a beneficiary designation made in favor of the former spouse upon dissolution. Ex-wife agrees that at the time of dissolution, section 461.051 terminated Ex–Wife's expectancy in the proceeds of Decedent's life insurance. Heirs argue that the repeal of section 461.051's applicability to life insurance policies in 2001 did not revive the beneficiary designation on Decedent's life insurance policy in favor of Ex–Wife.

Ex–Wife responds that Heirs never had a vested right in the proceeds of the insurance policy and, therefore, the repeal of section 461.051's applicability to life insurance policies is procedural, not substantive, and section 461.073.6 should apply retroactively. Thus she contends that section 1.170 is not violated by the trial court's judgment.

█ Whether the Ex–Wife or the Heirs had a vested right in the proceeds of Decedent's life insurance policy is irrelevant. At the time of dissolution, neither the Ex–Wife nor the Heirs had a vested right in the proceeds of Decedent's life insurance policy as "[t]he *rights* of the beneficiary to the proceeds of a life insurance policy become 'fixed and vested at the very moment of death.'" *St. Louis Union Trust Co. v. Blue,* 353 S.W.2d 770, 779 (Mo.1962).

Ex–Wife's argument ignores the fact that section 1.170 is not confined to the preservation of "vested rights." *Prot. Mut. Ins. Co. v. Kansas City,* 551 S.W.2d 909, 912 (Mo.App.1977). Further, Ex–Wife's argument ignores that "the underlying repugnance to the retrospective application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto." *St. Louis–San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 411 (Mo. banc 1974).

In further support of their second point on appeal, Heirs cite *Gillespie v. Estate of McPherson,* 159 S.W.3d 466, 472 (Mo.App. E.D.2005), for the proposition that at the time Decedent and Ex–Wife's marriage was dissolved, section 461.051 effectively revoked the beneficiary designation made in favor of Ex–Wife on Decedent's life insurance policy. In *Gillespie,* a second wife brought a declaratory judgment action against an insurance company and her deceased husband's estate to determine the beneficiary of the decedent's life insurance policy. *Id.* at 468. The marriage of the second wife and decedent was dissolved prior to the repeal of section 461.051's applicability to life insurance policies. *Id.* at 469. The decedent died in October of 2002. *Id.* The Eastern District affirmed the judgment of the trial court that the estate of the decedent was entitled to judgment as a matter of law by operation of section 461.051, which was in effect at the time the decedent and second wife's marriage was dissolved and revoked second wife as the beneficiary on decedent's life insurance policy on the date of the dissolution of their marriage. *Id.* at 472.

Here, like *Gillespie,* section 461.051 was applicable to life insurance policies on the date Decedent and Ex–Wife's marriage was dissolved. The dissolution of Decedent and Ex–Wife's marriage effectively revoked Ex–Wife's designation as a beneficiary and her daughter's, Rachel Polson, designation as a beneficiary under Decedent's insurance policy. Ex–Wife was not entitled to judgment as a matter of law. Therefore, Points I and II are granted and the judgment of the trial court is reversed and remanded for entry of judgment consistent with this opinion.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.