**JOPLIN WORKSHOPS, INC.,**
**Plaintiff–Appellant,**

v.

**JASPER COUNTY SHELTERED FACILITIES BOARD, Defendant–Respondent,**

**and**

**Jasper County Sheltered Facilities Association, et al., Third–Party Defendants.**

**No. SD 29753.**

Missouri Court of Appeals, Southern District, Division Two.

April 12, 2010.

Bruce A. Copeland and Jeremy K. Brown, Copeland & Brown, Joplin, MO, for Appellant.

Chuck D. Brown, Warten, Fisher, Lee & Brown, L.L.C., Joplin, MO, for Respondent.

Plaintiff Joplin Workshops, Inc. ("Workshop") appeals the trial court's summary judgment in favor of Defendant Jasper County Sheltered Facilities Board ("Board") on Workshop's petition seeking declaratory, injunctive, and extraordinary writ relief. We reverse.

### Factual and Procedural Background

Workshop filed a three-count petition against Board seeking a declaratory judgment "determining that all tax revenues collected" by Board "shall be distributed, spent and/or allocated solely as the voters of Jasper County have authorized," an injunction "enjoining [ Board ] from distrib-

uting, spending and/or allocating any of the tax revenues ... in any manner other than as the voters of Jasper County have authorized," and the issuance of "a writ of prohibition commanding [Board] from distributing, spending and/or allocating any of the tax revenues ... in any manner other than as the voters of Jasper County have authorized." Workshop alleged that, when the Jasper County voters established Board and an accompanying tax levy in 1976, the ballot language approved by the voters and the then-authorizing statutes, sections 205.968 to 205.972, RSMo Cum. Supp.1975, allowed Board to expend such tax funds only for the purpose of establishing and maintaining a sheltered workshop or residence facility. Workshop further alleged that Board had "budgeted for and distributed and continues to budget for and distribute such Jasper County tax funds to non-qualifying organizations, entities, individuals and/or programs which are and/or were not sheltered workshops and/or residence facilities." Admitting that section 205.968 had been subsequently amended to expand the purpose to include "related services," Workshop further alleged that, nevertheless, such expanded purpose did not apply to Board because the voters of Jasper County had never voted to grant such expanded authority to Board as statutorily required.

Board filed a motion for summary judgment. The uncontroverted material facts before the trial court in deciding this motion were: Workshop is a sheltered workshop as defined by section 178.900; Board is a political subdivision; on November 2, 1976, the voters of Jasper County approved the question, "Shall Jasper County establish and maintain a sheltered workshop and residence facility for handicapped persons for which the County shall levy a tax of 10¢ per each $100.00 assessed valuation therefore?"; Board was created with

the adoption and passage of this ballot question; and since December 23, 1999, Board "has expended tax revenue ... by funding group homes, residential facilities, and related services for the benefits of the developmentally disabled citizens of Jasper County."

The trial court sustained Board's motion for summary judgment finding that "[t]his Court is of [the] opinion that the law for this type of situation is governed by the case of *Vocational Services v. The [Developmental] Disability Board*, 5 S.W.3d 625 (Mo.App. W.D.1999)." Accordingly, the trial court entered judgment that Board "may expend funds for 'related services' as defined in the *Vocational Services* case as well as for sheltered workshops and residential facilities." Workshop's timely appeal followed.

### Standard of Review

Appellate review of the grant of summary judgment is *de novo*. The Court reviews the record in the light most favorable to the party against whom summary judgment was entered. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Kinnaman–Carson v. Westport Ins. Corp.*, 283 S.W.3d 761, 764–65 (Mo. banc 2009) (internal citations and quotations omitted).

### Discussion

Workshop asserts four points on appeal, but we find that its first point is dispositive.[1] In that point, Workshop contends

1. Rule 74.04(c)(1) provides, in relevant part,

that "[a] motion for summary judgment shall

the trial court erred in granting summary judgment in favor of Board based upon *Vocational Servs., Inc. v. The Developmental Disabilities Res. Bd.,* 5 S.W.3d 625 (Mo.App.1999), because

> the [*Vocational Servs., Inc.*] opinion did not address nor decide the issue presented to the trial court in that the [*Vocational Servs., Inc.*] opinion merely defined the term "related services" as such term is used in the SB40 [ [2] ] legislation without ever considering, questioning or rendering an opinion as to whether expenditures for "related services" were authorized without a corresponding vote of the people.

We agree.

The plaintiff in *Vocational Servs., Inc.,* referred to therein as "VSI," brought an action for declaratory judgment and injunctive relief against the Clay County SB40 board, referred to therein as "DDRB." *Id.* at 628. VSI requested

> the court to declare public tax funds collected pursuant to Section 205.968– 205.968[sic] can be spent, granted or contracted solely for the benefit of sheltered workshops or residential facilities, or for services ***directly*** related to the running of sheltered workshops and residential facilities. It also requested the court to declare that, of those receiving funds from the DDRB, only it and CCI meet this definition of a sheltered workshop, residence facility, or related service provider, and to enter an order enjoining all other expenditures of tax funds by the DDRB as unlawful.

*Id.* Various other entities were joined in the litigation, and they, along with VSI and DDRB, asserted competing positions on the interpretation of "related services" and the extent of DDRB's authority to fund them. *Id.* The trial court

> rejected both VSI's claim that only a sheltered workshop or residential facility qualify for the funds, and the DDRB and Lighthouse's claim that any services related to the care or employment of the handicapped qualify for the funds. The court concluded that sheltered workshops, residential facilities, and related services for the care or employment of

---

summarily state the legal basis for the motion." Board's motion for summary judgment did not state any legal basis, summarily or otherwise. "Generally, failure to comply with Rule 74.04(c)(1) warrants a trial court's denial of a summary judgment motion and warrants an appellate court's reversal of the grant of summary judgment." *Premier Golf Missouri, LLC v. Staley Land Co., LLC,* 282 S.W.3d 866, 872 (Mo.App.2009) (quoting *Gillespie v. Estate of McPherson,* 159 S.W.3d 466, 470 (Mo.App.2005)). Non-compliance is not a matter subject to waiver by a party and may be raised *sua sponte* by an appellate court. *Hanna v. Darr,* 154 S.W.3d 2, 5 (Mo.App. 2004) (citing *Miller v. Ernst & Young,* 892 S.W.2d 387, 389 (Mo.App.1995)). Nevertheless, "[i]f the issues and the documents in support of those motions are clear to the litigants, the trial court, and the appellate court, the failure to comply with Rule 74.04 does not per se preclude the granting of summary judgment nor the affirming of such a

judgment. In short, the trial court and the appellate court are vested with discretion." *Sotirescu v. Sotirescu,* 52 S.W.3d 1, 7 (Mo. App.2001) (internal citations omitted). As demonstrated by its judgment, the only issue clear to the trial court was the application of *Vocational Servs., Inc.* Thus, we exercise our discretion to review that legal basis for the trial court's grant of summary judgment, but no other.

All references to rules in this opinion are to Missouri Court Rules (2009).

2. In 1969, the Missouri Legislature enacted Senate Bill 40, which was codified into sections 205.968–205.972, RSMo.1969. Thereafter, these sections, even though amended from time to time by other bills, have been commonly referred to as "SB40 legislation," and the boards established in accordance with the provisions in these sections have been commonly referred to as "SB40 boards."

the handicapped include, "acts or commodities which are connected or associated with vocational training, vocational teaching, vocational activities, vocational workshop and/or residential facilities." *Id.*

Both DDRB and VSI appealed the trial court's judgment to the Western District of this Court, the former asserting that the trial court too narrowly interpreted the meaning of the phrase "related services," and the latter claiming that the trial court's interpretation of that phrase was too broad. *Id.* at 629–30. Finding that the term was not defined in any Missouri statute, the Western District spent the entire analytical portion of its opinion defining it, ultimately agreeing with the trial court's definition and affirming its judgment. *Id.* at 629–32.

Nowhere in *Vocational Servs., Inc.,* did the Western District address or discuss the interplay between the ballot language approved by the voters in Clay County and the provisions of section 205.968 as related to DDRB's authority in the first instance to expend tax levy funds for related services. This is because VSI never challenged DDRB's authority to pay for related services, but rather, implicitly conceding such authority, only challenged some of DDRB's expenditures as being beyond the scope of related services as that term was used in the statute.

Here, Workshop is challenging Board's authority to expend any tax levy funds for related services because such authority was not granted by the voters of Jasper County, an action which Workshop claims is required by the statute. Because this issue was not addressed in any manner in *Vocational Servs., Inc.,* it is not authoritative or dispositive in this case, and the trial court erred in granting summary judgment based upon it. Board's arguments that *Vocational Servs., Inc.,* "goes beyond

merely defining 'related services'" are contradicted by the opinion in that case and are without any merit. Workshop's first point is granted.

### Decision

The trial court's judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

RAHMEYER, J., and BATES, J., concur.