In the ESTATE OF Kenneth V. MYERS Trust, Deceased, Respondent,

v.

Kyle MYERS, Kenneth Taylor Myers, Candy Myers, Appellant.

No. WD 75518.

Missouri Court of Appeals, Western District.

July 30, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 2013.

---

**5.** The legislature responded to the *Robinson* decision by enacting amendments to § 287.120.1 in 2012.

Keith W. Hicklin, Platte City, for Respondent.

John H. Norton, for Appellants.

Before Division Four: JAMES E. WELSH, Chief Judge, VICTOR C. HOWARD, Judge and MICHAEL MANNERS, Special Judge.

VICTOR C. HOWARD, Judge.

Kenneth Taylor Myers appeals the trial court's judgment denying his motion for summary judgment and granting summary judgment in favor of the Kenneth Veal Myers Trust. Kenneth Taylor Myers challenges the trial court's orders that the trust be terminated, and after the payment of court costs, administration costs, and payment to creditors, that the balance of said trust be distributed to Melanie Myers, based on its finding that Melanie Myers was the sole beneficiary of the Kenneth Veal Myers Trust. The judgment is reversed, and the case is remanded to the trial court with directions.

### Facts

In 1994, Kenneth Veal Myers and his second wife, Loberta Rea Myers, both created *inter vivos* trusts. Joseph G. Hershewe was designated as the successor trustee for both trusts. Under the terms of the Kenneth Veal Myers Trust ("KVM Trust"), upon his death, his estate was to be divided into Trust A ("The Marital Trust") and Trust B ("The Non–Marital Trust"). The Non–Marital Trust was further divided into sub-trusts for Kenneth Veal Myers' adult children, Melanie Myers and Kyle V. Myers. The trust agreement funded the "Melanie Myers Share" with $200,000.00 of the assets of the Non–Marital Trust, the principal and interest of which was for meeting her unmet care, support, and maintenance needs. The "Kyle V. Myers Share" was funded with the balance of the assets of the Non–Marital Trust, including any augmentation from the "Melanie Myers Share" should she predecease Kyle V. Myers. The principal and interest of the "Kyle V. Myers Share" was for meeting his lifetime unmet care, support, and maintenance needs, and for the purpose of educating his minor children, Kyle Alex Myers (now deceased) and Kenneth Taylor Myers. Any undistributed balance of the "Kyle V. Myers Share" was to be segregated into equal shares for his minor children.

The Loberta Rea Myers Trust was similarly divided into Trust A ("The Marital Trust") and Trust B ("The Non–Marital Trust"). The Non–Marital Trust was divided into sub-trusts called the "Jan Michael Wagoner Share" (Jan Michael Wagoner was Loberta Rea Myers's son from a previous marriage) and the "Kyle V. Myers Share." The "Jan Michael Wagoner Share" was funded with $200,000.00 of the trust's assets, plus interest, and the "Kyle V. Myers Share" was funded with the balance of the trust's assets, including any augmentation from the "Jan Michael Wagoner Share" should he predecease Kyle V. Myers. The principal and interest of the "Kyle V. Myers Share" was for meeting his lifetime unmet care, support, and maintenance needs, and for the purpose of educating his minor children. Any undistributed balance of the "Kyle V. Myers Share" was to be segregated into equal shares for his minor children. In February of 1997, Kenneth Veal Myers died, and Loberta Rea Myers amended her trust, removing Kyle V. Myers's interest

and giving his entire share instead to his minor children.

In December of 1997 Kyle V. Myers filed a lawsuit in Platte County, Missouri against Mr. Hershewe, alleging that he was liable for various tortious acts, including a claim of professional negligence for the manner in which he drafted and managed Kenneth Veal Myers's will and trust. The court appointed a Guardian *Ad Litem* to represent the interests of Kyle V. Myers's minor children in the case. In June 2003, a settlement was executed in the case ("the settlement agreement"), through which Kyle V. Myers, his wife Candy Myers, the minor children, Kyle Alex Myers and Kenneth Taylor Myers, by and through their Guardian *Ad Litem*, and Joseph G. Hershewe agreed to a "mutual release of each other as a result of the litigation styled *Kyle V. Myers v. Joseph G. Hershewe, et al.*" Melanie Myers was not a party to the settlement agreement.

Pursuant to the settlement agreement, Mr. Hershewe was to, among other things, modify the terms and conditions of the KVM Trust and the Loberta Rea Myers Trust in order to provide "clarification to these Trust Agreements," as well as to close the Estate of Kenneth Veal Myers. After closing the Estate of Kenneth Veal Myers, at which time the assets of the estate would be distributed to the KVM Trust, said trust was to remain in place "only to hold those amounts designated in the Trust for Melanie Myers." Of the remaining trust corpus, Kyle V. Myers was to receive a $400,000.00 outright distribution, and the balance was to be paid to the Loberta Rea Myers Trust. The settlement agreement further called for Mr. Hershewe to resign as trustee after completing certain tasks and services set forth in the agreement.

Mr. Hershewe did close the Estate of Kenneth Veal Myers and paid Kyle V. Myers his $400,000.00 outright distribution called for in the settlement agreement before resigning as successor trustee. Later the court accepted his resignation and appointed Keith Hicklin successor trustee as his replacement. The balance of the KVM Trust corpus was never transferred to the Loberta Rea Myers Trust, as agreed upon, even after Melanie Myers received the $200,000.00 plus interest designated for her in the KVM Trust, nor was the KVM Trust ever closed. The successor trustee has allowed the KVM Trust to remain open and has continued to pay Melanie Myers well beyond $200,000.00 plus interest.

In June of 2011, counsel for Kenneth Taylor Myers contacted the successor trustee, claiming a right to the remaining balance of the KVM Trust and requesting an accounting of the trust assets distributed to Melanie Myers. Kyle Alex Myers is deceased and thus has no interest in the KVM Trust. Because Kyle V. Myers was paid a $400,000.00 outright distribution, neither he nor Candy Myers claims any interest as a beneficiary under the KVM Trust.

In September of 2011, the successor trustee filed a petition on behalf of the KVM Trust for declaratory judgment requesting that the trial court determine the right, title, and interest of Melanie Myers and Kenneth Taylor Myers to the funds remaining in the KVM Trust "as affected by the Settlement and Release Agreement" and the judgment approving the same. The petition also sought an order from the court terminating the KVM Trust and authorizing distribution of the remaining trust balance to Melanie Myers.

In October of 2011, Kenneth Taylor Myers filed a cross petition for declaratory judgment claiming that he was the sole and rightful beneficiary of all the remaining funds in the KVM Trust and request-

ing an accounting of all trust assets distributed to Melanie Myers. In January of 2012, the successor trustee filed a motion for summary judgment, and in May of 2012 Kenneth Taylor Myers filed his motion for summary judgment (mistakenly designated as his "Response to Plaintiff's Motion for Summary Judgment).

In July of 2012, the trial court entered its judgment denying Kenneth Taylor Myers's motion for summary judgment and granting summary judgment in favor of the KVM Trust. The trial court found, among other things, that the $400,000.00 outright distribution to Kyle V. Myers pursuant to the agreement "effectively eliminated the sub-trust created for his benefit and the benefit of his children." The court also found that under the settlement agreement's terms, after the Estate of Kenneth Veal Myers was closed and its assets transferred to the KVM Trust, the Trust was to remain in place "only to hold those amounts designated in the Trust for Melanie Myers." The trial court further found that it was the intention of the parties to the settlement agreement to resolve any and all claims the parties had to the KVM Trust, and that all parties acknowledged and agreed that they would no longer have any rights to the KVM Trust.

The trial court concluded from these findings that Melanie Myers was the sole beneficiary of the KVM Trust, ordered that the KVM Trust be terminated, and ordered that, after the payment of court costs, administration costs, and payment to creditors, the balance of the KVM Trust be distributed to Melanie Myers. This appeal by Kenneth Taylor Myers followed.

## Standard of Review

"Appellate review of a trial court's grant of summary judgment is essentially *de novo.*" *United Investors Life v. Wilson,* 191 S.W.3d 76, 78 (Mo.App. W.D.2006) (cit-

ing *ITT Commercial Fin. Corp. v. Mid– Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993)). We review the record in the light most favorable to the party against whom judgment was entered, and accord that party all reasonable inferences to be drawn from the record. *Id.* The trial court's entry of summary judgment will be upheld if the movant showed that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.*

## Discussion

In his first point on appeal, Kenneth Taylor Myers argues that the trial court erred in denying his motion for summary judgment and granting summary judgment in favor of the KVM Trust because there is no genuine issue of material fact as to whether he is the sole beneficiary of the assets remaining in the KVM Trust. Kenneth Taylor Myers bases this argument on his assertion that it is undisputed that the KVM Trust designated only $200,000.00 plus interest for Melanie Myers and the settlement agreement specifically required the balance of the KVM Trust corpus to be paid over to the Loberta Rea Myers Trust, which all parties agree was never done.

Kenneth Taylor Myers's first point requires us to interpret the settlement agreement and determine its legal effect as to what is to become of the remaining assets of the KVM Trust. Like all contracts, the interpretation of settlement or release agreements is a question of law. *Goldring v. Franklin Equity Leasing Co.,* 195 S.W.3d 453, 456 (Mo.App. E.D.2006). The intent of the settling parties governs, and where the language used in the settlement is plain and unambiguous, that intent is determined based on such language, and not based on parol or extrinsic evidence.

*Walley v. La Plata Volunteer Fire Dept.,* 368 S.W.3d 224, 231 (Mo.App. W.D.2012).

■ The trial court's interpretation of the settlement agreement, specifically its finding that the $400,000.00 outright distribution to Kyle V. Myers pursuant to the agreement "effectively eliminated the subtrust created for his benefit and the benefit of his children," is not supported by the plain language of the settlement agreement, nor is the trial court's conclusion that Melanie Myers was the sole beneficiary of the KVM Trust or the order that the Trust be terminated and that the balance of the Trust be distributed to Melanie Myers.

The language of the settlement agreement indicates that after the Estate of Kenneth Veal Myers was closed and its assets distributed to the KVM Trust, the KVM Trust was to remain in place only to hold "those amounts designated in the Trust for Melanie Myers." In plain, unambiguous language the settlement agreement directed that the balance of the KVM Trust assets be paid: (1) $400,000.00 as an outright distribution to Kyle Myers, and (2) *the balance to the Loberta Rea Myers Trust.*

After the $200,000 plus interest and beyond had been paid to Melanie Myers and Kyle V. Myers had received his $400,000 outright distribution, the assets remaining in the KVM Trust were never transferred to the Loberta Rea Myers Trust as clearly required under the settlement agreement. After the successor trustee filed the petition for declaration of the right, title and interest in the KVM Trust of the various possible beneficiaries, Kenneth Taylor Myers filed a cross petition claiming that (1) Melanie Myers's interest in the KVM Trust was limited to a fixed amount and had already been distributed to her, (2) Kyle V. Myers's $400,000 outright distribution had already been made, and (3) the

balance of the assets of the KVM Trust was to be paid to the Loberta Rea Myers Trust. Kenneth Taylor Myers's claim correctly stated the effect of the settlement agreement on the KVM Trust and what was to be done with the balance of assets remaining therein, namely, that such balance was to be transferred to the Loberta Rea Myers Trust.

For the forgoing reasons, the trial court erred in granting summary judgment to the KVM Trust. Because Kenneth Taylor Myers's first point on appeal is dispositive, we decline to reach his second point on appeal. The judgment of the trial court is reversed and the case is remanded for the trial court to order the termination of the KVM Trust and to authorize distribution of the balance of the assets therein to the Loberta Rea Myers Trust in accordance with the settlement agreement.

All concur.