

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DENNIS LARAMORE, | ) | No. ED111782 |
| | ) | |
| Appellant | ) | Appeal from the Circuit Court of |
| | ) | Washington County |
| vs. | ) | |
| | ) | Honorable Timothy W. Inman |
| ZACHARY JACOBSEN, ET AL., | ) | |
| | ) | |
| Respondents. | ) | Filed: March 12, 2024 |

## Introduction

Appellant, Dennis Laramore ("Laramore"), acting *pro se*, filed a petition for replevin in which he sought the return of various items taken during a search warrant executed at his residence by officers Zachary Jacobsen, Mike Gum, William Gleeson, Andy Skiles, and Doug Tuning ("Respondents"). Respondents filed a motion for summary judgment, but failed to attach a statement of uncontroverted material facts. The trial court granted Respondents' motion for summary judgment on the ground that Laramore's replevin claim was barred by the three-year statute of limitations under § 516.130.[1] Laramore argues the trial court erred in granting summary judgment in favor of Respondents because his claim was not time-barred. We do not reach the merits of Laramore's appeal because Respondents failed to comply with Rule 74.04(c)(1)[2], which

---

[1] All references are to Mo. Rev. Stat. Cumm. Supp. (2016).
[2] All references are to Missouri Supreme Court Rules (2023).

requires a statement of uncontroverted material facts be attached to the motion for summary judgment. Accordingly, we reverse and remand.

## Factual and Procedural Background

On January 7, 2015, Respondents executed a search warrant in Potosi, Missouri and seized various items from Laramore's residence. On September 3, 2019, Laramore filed a petition for replevin to recover the items seized by Respondents.

Respondents filed a motion for summary judgment stating the replevin claim was barred by the three-year statute of limitations under § 516.130, arguing the statute of limitations began to run on May 27, 2015 when the property was no longer needed as evidence for the first underlying criminal case. Although the motion for summary judgment included a factual background, Respondents failed to include a statement of uncontroverted material facts as required by Rule 74.04(c)(1). Laramore responded to the motion for summary judgment arguing the statute of limitations should begin to run on August 21, 2021 (as opposed to May 27, 2015) because the property was needed as evidence for a second underlying criminal case still pending in an adjacent county. The trial court sustained the motion for summary judgment and entered a final order granting Respondents' motion for summary judgment.

This appeal follows.

## Discussion

Laramore asserts three points on appeal in which he contends the trial court erred in granting Respondents' motion for summary judgment. We do not reach the merits of those points on appeal because Respondents' motion for summary judgment failed to include a statement of uncontroverted material facts as required by Rule 74.04(c)(1). Although Laramore does not raise Respondents' lack of compliance with Rule 74.04, non-compliance is not a matter subject to

waiver by a party and this Court has the authority to raise it *sua sponte*. *See Joplin Workshops, Inc. v. Jasper Cnty. Sheltered Facilities Bd.*, 308 S.W.3d 252, 253 n.1 (Mo. App. S.D. 2010).

Rule 74.04 governs summary judgment practice. Under this rule, "[a] motion for summary judgment shall summarily state the legal basis for the motion." Rule 74.04(c)(1). As the movant, Respondents "must establish that there is no genuine dispute as to those material facts upon which [they] would have had the burden of persuasion at trial." *Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020) (internal quotation marks and citation omitted). To accomplish this, the movant must attach a statement of uncontroverted material facts to the summary judgment motion that "state[s] with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." *Id.* (quoting Rule 74.04(c)(1)). The non-movant shall respond by "set[ting] forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2). "All facts must come into the summary judgment record in the manner required by Rule 74.04(c)(1) and (2)[.]" *Lackey v. Iberia R-V Sch. Dist.,* 487 S.W.3d 57, 61–62 (Mo. App. S.D. 2016). "Because the underlying purpose of Rule 74.04 is directed toward helping the court expedite the disposition of [the] case, compliance with the rule is mandatory." *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo. App. W.D. 2009).

Here, Respondents failed to include a statement of uncontroverted material facts establishing their entitlement to judgment as a matter of law in violation of Rule 74.04(c). *See id.* at 909 (stating that motion for summary judgment violates Rule 74.04(c) when statement of uncontroverted material facts is not attached to the motion). While Respondents' summary judgment motion includes a short factual background summarizing the seizure of Laramore's

property, this is not sufficient to satisfy Rule 74.04(c)'s requirements. Respondents were required to set forth "in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." *See* Rule 74.04(c)(1). Laramore was then required to admit or deny these factual statements in his response. *See* Rule 74.04(c)(2).

Because Respondents' motion for summary judgment failed to set forth each material fact in separately numbered paragraphs, the motion is legally defective and could not have served as the basis for the trial court's grant of summary judgment. *See Nixon,* 281 S.W.3d at 908. Therefore, Respondents' failure to comply with Rule 74.04(c) requires reversal of the summary judgment and we do not reach the merits of the limitations issue raised on appeal. *See Gillespie v. Est. of McPherson*, 159 S.W.3d 466, 470 (Mo. App. E.D. 2005) ("[F]ailure to comply with Rule 74.04(c)(1) warrants a trial court's denial of a summary judgment motion and warrants an appellate court's reversal of the grant of summary judgment.").

## Conclusion

The trial court's judgment granting Respondents' motion for summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
James M. Dowd, J. concur.

4